ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

APR 2 1 2005

CLERK, U.S. DISTRICT COURT
By ——————————————
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DR. ROBERTO MELO, ET AL. §
§
Plaintiffs, §
§
VS. §   NO. 3-04-CV-2238-BD ₿)
§
GARDERE WYNNE SEWELL LLP, §
ET AL. §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Defendants have filed a motion to stay this putative class action pending the final resolution of a related case in Texas state court. For the reasons stated herein, the motion is granted.

### I.

This is the latest in a series of lawsuits arising out of the collapse of Sharp Capital, Inc. ("Sharp"), a Texas-based investment advisory company run by Mauricio A. Gutierrez. Plaintiffs Roberto Melo and Jaime de la Garza purport to represent a class of more than 200 Mexican citizens who invested their life savings and retirement money with Sharp. Defendant Julian Nihill and his law firm, Gardere Wynne Sewell LLP, served as legal counsel to Sharp from 1994 to 1998. In their complaint, plaintiffs allege that defendants conspired with Sharp to "disguise and otherwise conceal its illegal business operations from U.S. securities regulators by moving custody and possession of Plaintiffs' investments to an offshore company controlled by Sharp's principals, without Plaintiffs' knowledge or approval." (Plf. Orig. Compl. at 4, ¶ 5). Plaintiffs assert a variety of claims under Texas law, including fraud, conspiracy, conversion, and violations of the Texas Securities Act, in an attempt to recover more than $50 million in losses.

The instant case was filed in federal district court on October 18, 2004. More than two years earlier, another group of Sharp investors brought a nearly identical class action against Nihill, the Gardere law firm, and others in Texas state court. *Baxter, et al. v. Gardere Wynne Sewell, L.L.P*, No. 03-13329-K (192nd Dist. Ct., Dallas Co., Tex.) ("*Baxter* litigation").[1]  On June 16, 2004, a state district judge granted summary judgment in favor of the defendants and dismissed the case on limitations grounds. The *Baxter* plaintiffs timely appealed that decision to the Texas court of appeals. Defendants now seek a stay of the federal litigation pending the outcome of the state court proceeding. The motion has been fully briefed by the parties and is ripe for determination.

## II.

As a general rule, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (noting that abstention is the exception, not the rule). However, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding in "extraordinary and narrow" circumstances based on considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir.1999), *quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1236, 47 L.Ed.2d 483 (1976).

## A.

*Colorado River* abstention is proper only when two conditions are met. First, the state and federal court proceedings must be "parallel." *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir.1992); *New Beckley Mining Corp. v. International Union, United*

---

[1] The *Baxter* plaintiffs also sued Joe Rudberg and Thompson & Knight LLP, who served as legal counsel to Sharp in the late 1980s and early 1990s.

*Mine Workers of America*, 946 F.2d 1072, 1073 (4th Cir.1991), *cert. denied*, 112 S.Ct. 1587 (1992). "A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti*, 962 F.2d at 700, *quoting Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988). The *Baxter* litigation is clearly parallel to the instant case. The proposed class in both the state and federal actions include persons who "invested money with Sharp Capital from 1986 to 1998." (Plf. Orig. Compl. at 31, ¶ 65; *see also* Def. App. at 084). Nihill and the Gardere law firm are defendants in both cases. The same claims are asserted by plaintiffs in the state and federal actions and arise out of the same set of facts-- the creation of an offshore banking structure that prompted an SEC investigation. Indeed, substantial portions of the pleadings in the *Baxter* litigation and the instant case are virtually identical. (*Compare, e.g.* Plf. Orig. Compl. at 11-12, ¶ 26 *and* Def. App. at 11, ¶ 26; Plf. Orig. Compl. at 12-13, ¶¶ 28, 29 *and* Def. App. at 12, ¶ 27, 28; Plf. Orig. Compl. at 15-16, ¶ 34 *and* Def. App. at 16-17, ¶ 36; Plf. Orig. Compl. at 17, ¶ 38 *and* Def. App. at 17, ¶¶ 37-38; Plf. Orig. Compl. at 22-23, ¶ 47-49 *and* Def. App. at 20-21, ¶¶ 44-45; Plf. Orig. Compl. at 30, ¶¶ 62-64 *and* Def. App. at 26-27, ¶¶ 58-59, 61).

Plaintiffs maintain that the state and federal actions are not "parallel" proceedings because the class representatives are different and the *Baxter* case was dismissed before any class was certified. (*See* Plf. Resp. Br. at 3-4). These same arguments were soundly rejected by the Sixth Circuit in *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). In holding that the district court properly abstained from exercising jurisdiction over a securities fraud class action in favor of a related state court proceeding, the appellate court wrote:

> Exact parallelism is not required; it is enough if the two proceedings are substantially similar. This principle is especially apposite in the instant matter, where the interests of both the named plaintiffs and the identical putative classes they seek to represent are congruent, notwithstanding the nonidentity of the named parties. In this respect,

> we find that where such congruence of both interests and allegations
> exists in duplicative class actions, the nonidentity of the named class
> representatives should in no way undermine a court's determination
> that the suits in question are otherwise parallel.

*Id.* at 340 (citations and internal quotations omitted). As in *Romine*, the parties in the state and

federal actions are substantially similar and the claims in both cases are predicated on the same

allegations arising out of the same material facts. Therefore, the two cases are "parallel" for purposes

of the *Colorado River* abstention doctrine.

B.

Notwithstanding the existence of a "parallel" state court proceeding, abstention is not proper

unless "exceptional circumstances" exist. *See New Beckley Mining*, 946 F.2d at 1073. The Supreme

Court has identified several factors relevant to this determination: (1) the assumption by either court

of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of

piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5)

whether and to what extent federal law provides the rules of decision on the merits; and (6) the

adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy*, 168 F.3d at 738. No single factor is determinative. *Snap-On Tools Corp. v. Mason*, 18

F.3d 1261, 1264 (5th Cir.1994).

Here, most of the factors either are neutral or weigh slightly against abstention. This case

does not involve any res or property. *See Black Sea Investment, Ltd. v. United Heritage Corp.*, 204

F.3d 647, 650-51 (5th Cir. 2000) (the absence of this factor weighs against abstention); *Murphy*, 168

F.3d at 738 (same). Both courts are located in Dallas, Texas--just five blocks from one

another--making the issue of convenience irrelevant. *Primerica Life Insurance Co. v. Twyman*, 2002

WL 83750 at *3 (N.D. Tex. Jan. 14, 2002) (Kaplan, M.J.). The lawsuits are duplicative, not

piecemeal. *See Murphy*, 168 F.3d at 738, *quoting Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988) ("The prevention of duplicative litigation is not a factor to be considered in an abstention determination."). *But see Romine*, 160 F.3d at 314 (piecemeal litigation occurs when different courts adjudicate the identical issue). Although the instant case involves only issues of state law and plaintiffs may enforce their rights in state court, those factors do not weigh in favor of abstention. *See Evanston*, 844 F.2d at 1193 (absence of federal law issue does not counsel in favor of abstention) & *id.* (adequacy of state proceeding "can only be a neutral factor or one that weighs against, not for, abstention").

The remaining factor-- the order in which jurisdiction was obtained by the concurrent forums-- strongly supports abstention. The state court obtained jurisdiction more than two years before this case was filed in federal court. After conducting extensive discovery, the *Baxter* defendants filed a motion for summary judgment and obtained a judgment of dismissal on limitations grounds. That decision is currently on appeal. By contrast, the instant case has been pending for just six months and has not advanced beyond the initial pleading stage. The substantial difference in the progress of the state and federal actions weighs heavily in favor of abstention. *See Bates v. Van Buren Township*, 122 Fed. Appx. 803, 807-08 (6th Cir. 2004) (a substantial difference in the relative advancement of the state and federal proceedings justifies abstention); *Board of Education of Valley View Community Unit School Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1321-22 (7th Cir. 1983) (reasons for *Colorado River* abstention are stronger when a parallel state court action is on appeal).

After carefully balancing the relevant factors, the court determines that "exceptional circumstances" warrant staying this litigation in favor of the pending state court proceeding. The disposition of the limitations issue now on appeal, while not res judicata in the instant case, may well

inform the court's decision regarding a threshold affirmative defense raised by defendants.[2] It simply makes no sense to proceed with the federal action until the limitations issue, which is common to both cases, is resolved. Moreover, if the state court judgment is reversed, defendants will be forced to defend virtually identical class actions in two different forums. That would waste the time and resources of the courts, attorneys, and litigants. Accordingly, this action should be stayed pending the final resolution of the state court proceeding.[3]

## CONCLUSION

Defendants' motion to stay is granted. This case is hereby stayed pending the final resolution of a substantially similar class action in Texas state court, *Baxter, et al. v. Gardere Wynne Sewell, L.L.P,* No. 03-13329-K (192nd Dist. Ct., Dallas Co., Tex.), *appeal pending,* No. 05-04-10672-CV (Tex. App.--Dallas). By separate order issued today, the court will direct the clerk to administratively close this case for statistical purposes.

SO ORDERED.

DATED: April 21, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although plaintiffs in this action are not named parties in the *Baxter* litigation, they are members of the purported class.

[3] Even if abstention is not warranted under the *Colorado River* doctrine, a federal court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran),* 710 F.2d 199, 203 (5th Cir.1983), *quoting Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The Fifth Circuit has specifically recognized that district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding even when other standards for abstention are not strictly met. *See id.; PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674, 679-82 (5th Cir.1973). The exercise of the court's inherent power is warranted in this case.