IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ROBERTO MELO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2238-BD |
| | § | |
| GARDERE WYNNE SEWELL LLP, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiffs Dr. Robert Melo and Jaime de la Garza, individually and on behalf of other similarly situated individuals, have filed an unopposed motion seeking preliminary certification of a settlement class consisting of persons "who, as of September 1, 1998, had an investment account with Sharp Capital and whose claims were approved by the Special Master . . ." [1]  For the reasons stated herein, the motion is granted.

Certification of a class is appropriate where all four requirements of Fed. R. Civ. P. 23(a) and at least one of the requirements of Fed. R. Civ. P. 23(b) are satisfied.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).  Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1]  Although defendants do not oppose the motion, they maintain that class certification would be improper outside of the settlement context.

Fed. R. Civ. P. 23(a).  Here, plaintiffs have identified a class of 186 individuals who invested money in Sharp Capital, Inc.  The question of whether defendants materially aided and abetted Sharp Capital in transferring money to an offshore company without the knowledge or approval of investors is common to all members of the proposed class.  The court therefore preliminarily finds that plaintiffs have satisfied the requirements of numerosity and commonality.  *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624-25 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1169 (2000) (class consisting of 100 to 150 members is within the "range that generally satisfies the numerosity requirement" and commonality is established where "there is at least one issue, the resolution of which will affect all or a significant number of the putative class members").

A more troublesome issue involves the typicality requirement of Rule 23(a).  Typicality focuses on the similarity between the legal and remedial theories of the named class representatives and the legal and remedial theories of those whom they purport to represent.  *See Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997), *cert denied*, 118 S.Ct. 700 (1998), *citing In re Asbestos Litigation*, 90 F.3d 963, 976 (5th Cir. 1996).  The theories of the named plaintiffs and the proposed class members need not be identical.   *Id*.  Rather, typicality exists if "the class representative's claims have the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 919 (2002).  In this case, five members of the proposed settlement class--Hugo R. Baxter Saenz, Eduardo Filiberto Alvarado Flores, Vincente Marino De Nigris, Rosana Morales Almaguer, and Jose Luis Herrera Barragan– were parties to a related state court proceeding that was dismissed on limitations grounds.  *See Baxter v. Gardere Wynne Sewell, L.L.P.*, 182 S.W.3d 460 (Tex. App.--Dallas 2006, pet. denied). This caused the court to question whether including those five investors in the settlement class would undermine the typicality requirement of Rule 23(a).  *See* Order, 10/23/06, *citing Doe v. Chao*, 306

F.3d 170, 183 (4th Cir. 2002), *aff'd*, 124 S.Ct. 1204 (2004) (typicality requirement may be undermined by including class members with time-barred claims) *and Daniels v. Federal Reserve Bank of Chicago*, 194 F.R.D. 609, 618 (N.D. Ill. 2000) (holding that "individuals with time-barred claims may not be included within a proposed class").   After reviewing the supplemental briefing submitted by plaintiffs, the court is persuaded that a potential limitations defense with respect to these absent class members does not defeat typicality.  *See Corley v. Entergy Corp.*, 220 F.R.D. 478, 483 n.2 (E.D.Tex. 2004), *aff'd*, 152 Fed.Appx. 350, 2005 WL 2600177 (5th Cir. 2005).  This is true for two reasons.   First, the test for typicality is not demanding and, other than the statute of limitations issue, the legal and remedial theories of the named plaintiffs and the potential class members are the same.  *See Lightbourn*, 118 F.3d at 426.  Second, and more importantly, the *Baxter* plaintiffs asserted only three claims in the state court litigation--violations of the Texas Securities Act, common law aiding and abetting, and common law conversion--all of which are subject to either a two-year or three-year limitations period.  Unlike the named plaintiffs in the instant case, the *Baxter* plaintiffs did not sue for common law fraud, which is governed by a four-year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(4).  The court therefore concludes that the typicality requirement is satisfied.

Rule 23(a)(4) requires the class representatives and their counsel to "fairly and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a)(4).  In order to demonstrate adequacy, plaintiffs must establish that:  (1) counsel is qualified; and (2) the relationship between the interests of the class representatives and the interests of other class members is not antagonistic.  *See Ahearn v. Fibreboard Corp.*, 162 F.R.D. 505, 524 (E.D. Tex. 1995), *aff'd*, 90 F.3d 963 (5th Cir. 1996).  The court has no reason to doubt the quality of class counsel, who have years of experience litigating class actions involving claims of securities fraud and aider and abettor liability.  That some claims

of a few absent class members may be barred by limitations does not create such antagonism between them and other members of the class as to jeopardize the ability of counsel and the named plaintiffs to "fairly and adequately protect the interests of the class."

In addition to meeting the Rule 23(a) requirements, plaintiffs must also satisfy at least one of the requirements of Rule 23(b). The court has little difficulty in concluding that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members [ ] and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court has acknowledged that "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud." *Amchem*, 117 S.Ct. at 2250. In this case, common issues of fact and law abound because all class members were subjected to the same alleged misrepresentations and omissions by defendants, which constitute a common course of conduct. This is sufficient to satisfy the predominance prong of Rule 23(b)(3). *See Fry v. UAL Corp.*, 136 F.R.D. 626, 637 (N.D. Ill. 1991) (predominance is usually decided on the question of liability, and "if the liability issue is common to the class, common questions are held to predominate over individual questions"). Similarly, for purposes of deciding the preliminary certification issue, the court finds that a class action is superior to other available methods for resolving the claims against defendants.

Accordingly, plaintiffs' unopposed motion for preliminary certification of settlement class [Doc. #65] is granted. The parties are directed refile their joint motion for preliminary approval of proposed class action settlement and any supporting materials within 20 days from the date of this order.

SO ORDERED.

DATED:  January 12, 2007.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE